ORIGINAL #067407

FILED
NOV 21 2007
U.S. COURT OF FEDERAL CLAIMS

**United States Court of Federal Claims**

| | |
|---|---|
| PIXL, INC.<br>Plaintiff,<br><br>v.<br><br>THE UNITED STATES. | No. 07-827 C<br><br>Judge: ____________<br><br>Breach of Contract |

## COMPLAINT

1. As per RCFC 40.2(a), the following civil action is commenced based upon the United States Department of Agriculture (USDA) Forest Service's breach of contract on the INFRA Project with Pixl Inc. (Pixl), a Woman and Minority owned firm under section 8(a) of the Small Business Act. The USDA Forest Service has damaged Pixl, a Virginia corporation doing business with the United States, by knowing violation as described herein of the Federal Acquisition Regulation (FAR), the Contract Disputes Act and the Competition in Contracting Act (CICA). This Court has jurisdiction to adjudicate this matter and grant relief under the RCFC and the U.S. Code.

2. The Plaintiff will soon move for a protective order to enjoin the USDA Forest Service from further breaches of Pixl's 8(a) awards regarding the INFRA Project, ATSES, Tivoli and the Fisheries contracts with the USDA Forest Service. The USDA Forest Service is now tortiously attempting to convert unilaterally Pixl's 8(a) awards on the ATSES and Tivoli contracts to a GSA schedule to remove Pixl without invoking Termination for Convenience procedures in FY 2008. Pixl

will suffer irreparable harm if the USDA Forest Service is not restrained from further contractual breaches.

**CFC Jurisdiction and Exhaustion of Administrative Remedies**

3. On December 11, 2006, Pixl Inc. (Pixl) filed a Certified Formal Claim and Request for Decision to Robert Jaeger, the USDA Forest Service Contracting Officer (CO) regarding contract administration issues including the breach of the 1999 and 2004 8(a) award to Pixl regarding the INFRA Project contract. The USDA Forest Service awarded options to Pixl for FY 2007 and FY 2008. Despite having the affirmative duty to respond within 120 days to Pixl's Certified Formal Claim, CO Jaeger waited an additional seven months until November 2007 to attempt to respond to Pixl's issues.

4. The USDA Forest Service's ongoing breach of Pixl's 8(a) awards of 1999 and 2004 contract has proximately and forseeably resulted in the United States denial of ten million dollars in profit from FY 2000 through FY 2008, inclusive. Pixl had reasonable expectation that the USDA Forest Service's exercise options for the remainder of FY 2007 would be honored as well as for FY 2008.

5. Pixl has rendered services and goods to the USDA Forest Service in a timely and beneficial manner. As the Contracting Officer responsible for the INFRA Project since 2005, CO Jaeger has without cause failed to pay over $100,000 in INFRA invoices, failed to recognize over $100,000 in late payment interest on USDA invoices, allowed the removal of seven (7) Pixl consultants and seven (7) labor category positions without allowing Pixl the opportunity to back fill any vacancy on the INFRA Project, denied to Pixl the majority of consultants (currently 70) on

the INFRA Project as the lead 8(a) prime since FY 1999, illegally *de facto* terminated for convenience Pixl's 8(a) contact awards on the INFRA Project, and illegally *de facto* terminated for convenience Pixl's 8(a) award expectations for the entirety of both FY 2007 and FY 2008.

6. CO Robert Jaeger and COR Daryl Herman unilaterally attempted to change the 8(a) character of Pixl's INFRA Project awards by fraudulent handwritten alterations on Pixl's INFRA Project September 2006 invoice to impose GSA schedule codes. This *ultra vires* act within the meaning of Article XIX of the Federal Acquisition Regulation by CO Robert Jaeger and COR Daryl Herman was an attempt to terminate Pixl's 1999 and 2004 awards as the lead 8(a) prime contractor on the INFRA Project contract. CO Jaeger's unilateral attempt to re-characterize Pixl's 8(a) awards for 1999, 2004, and for option years 2007 and 2008 to the GSA schedule and GSA funding levels could have subjected Pixl to .75% penalty by GSA in the absence of required announcement and competition.

7. Before the close of FY 2007, CO Jaeger violated 8(a) delegated authority from SBA to sole source through illegal task orders to IRM the vast majority of the seventy (70) labor category positions on the INFRA contract. The GSA Inspector General has confirmed to Pixl that IRM had fraudulently held itself out as an 8(a) Small and Disadvantaged firm on the GSA web site to steal labor category positions from Pixl, as the legitimate 8(a) prime on the INFRA Project with the complicity of CO Jaeger.

8. When Pixl reported to INFRA Program Manager Tah Yang that IRM was charging to Pixl $768,000 in "consultant fees" to do business with the USDA

Forest Service as the 8(a) INFRA Project Prime contractor, Mr. Yang instructed Pixl Vice President Ajay Sagar to "compromise" with IRM President, John Graney, regarding the extortion. In reprisal for Pixl's protected disclosure of USDA Forest Service complicity with a racketeering scheme involving federal phones and wires to place Pixl under duress, INFRA Project Contracting Officer Representative, Daryl Herman, *sua sponte,* removed seven (7) of Pixl's consultants eleven (11) consultants on he INFRA Project and forbad Pixl the opportunity to back fill any of these vacant positions with other qualified computer engineers or applicable professionals.

9. The resulting economic injury to Pixl has been the loss of $110,000 per quarter profit for the last quarter of FY 2006 and for every quarter, thereafter. This damage was worsened by CO Jaeger's failure to reimburse Pixl for its payment to its four (4) consultants who remained on the INFRA Project.

10. In adding further insult to injury, COR Herman and CO Jaeger allowed six of these former 8(a) Pixl consultants to join IRM and one to join Elite Systems, Inc. (Elite), a John Graney influenced firm. The resulting windfall of $110,000 quarterly profits to IRM and Elite created the appearance of an Anti-Deficiency Act violation since funding was not immediately available for the expansion of IRM's and Elite's INFRA Project participation by seven (7) labor category positions.

11. Program Manager Tah Yang ordered the backing out of $400,000 funds from Pixl's 8(a) contractual award for FY 2005. Pixl has been denied the profit it

should have received from the 8(a) award of full eleven labor category positions for the entirety of FY 2005, FY 2006, and option years FY 2007 and FY 2008.

12. In violation of Section XIX of the Federal Acquisition Regulation (FAR) and in an effort to camouflage the appearance of an Anti-Deficiency Act violation in giving six of Pixl's consultants and six labor category positions to IRM, Tah Yang eventually and improperly under Article XIX of the FAR switched $400,000 of 8(a) funding to IRM and Elite Systems, both non-8(a) firms. Instead of the debarment of IRM, the USDA Forest Service has facilitated IRM benefiting from a racketeering scheme to place Pixl under duress within the meaning of 18 U.S.C. *1961 et seq.* and to cause Pixl economic injury. The complicity of Tah Yang and Daryl Herman has illegally terminated for convenience $400,000 of Pixl's 8(a) INFRA Project award for FY 2005, and adversely affected Pixl's 8(a) awards for each year thereafter.

13. On December 11, 2006, Pixl filed its Certified Formal Claim and Request for Decision with CO Robert Jaeger. On December 21, 2006, the USDA Office of Civil Rights accepted Pixl's civil rights complaint regarding the fraudulent removal of 8(a) codes from Pixl's September 2006 invoice on the INFRA Project by COR Herman and CO Jaeger. CO Jaeger and COR Herman imposed handwritten GSA codes and rates on the invoice in substitution. This constituted a fraudulent attempt to modify unilaterally Pixl's 8(a) award on the INFRA Project contract to obscure its advantage over IRM as the legitimate 8(a) prime lead on the INFRA Project.

14. Article XIX of the FAR does not allow such substitution from a legitimate 8(a) firm such as Pixl to a non 8(a) firm, such as IRM. The 8(a) status of Pixl was used as a cover to allow sole source task orders to IRM that could only be bestowed upon Pixl to maintain it as the 8(a) lead prime on the INFRA Project .

15. After 180 days of little if any investigation by USDA Forest Service or the USDA Office of Civil Rights, Pixl removed its civil rights complaint with pendent claims of racketeering under 18 U.S.C. 1961 *et seq.,* civil fraud, and tortious interference with contract (under the laws of the District of Columbia) to Federal District Court.

**16.** In reprisal for Pixl's whistle blowing, CO Jaeger denied to Pixl the accumulated sum of $500,000 in unpaid invoices. This amount was already paid to Pixl's consultants and CO Jaeger knew of the hardship his malfeasance or misfeasance caused when this Small and Disadvantaged firm was not reimbursed for this and other obligated costs incurred in service to the USDA Forest Service. Perhaps GS-14 Jaeger was only following orders from his chain of command of Ronald Wester, Ronald Hooper, Hank Kashdan, and Chief of the Forest Service of nearly 30,000 employees, Dale Bosworth. **Within a week to ten days of Pixl's reporting INFRA Project irregularities to both the FBI and the Criminal Division of the Justice Department, both Dale Bosworth and Daryl Herman suddenly retired! The failure to remove the apparently culpable CO Jaeger on the INFRA Project is as curious except for the USDA Forest Service need to protect higher ups, such as USDA Inspector General Phyllis Fong who has been under Integrity Office review. Around her October 18, 2007 Integrity**

**Committee review, USDA Secretary Mike Johanns resigned to pursue elected office.**

17. As further reprisal at this time, the USDA Forest Service suddenly became late on payment of Pixl invoices on the ATSES, Tivoli, and Fisheries contracts with the USDA Forest Service. In contradiction to the USDA Forest Service practice to allow seven consultants of Pixl to transfer away with their labor category positions, the USDA Forest Service forbad consultants of other firms (e.g. IRM) and their respective labor category positions from being added to Pixl on its ATSES, Tivoli, and Fisheries contracts. In reprisal for Pixl's protected disclosures, the USDA Forest Service barred the freedom of consultants who wanted to work for PIXL to transfer to Pixl. However, the USDA Forest Service encouraged Pixl's consultants to transfer to IRM for FY 2007 by illegally paying FY 2006 labor rates, instead of the required FY 2007 labor rates. Pixl requests a determination by this Court that Contracting Officer Jaeger be held personally liable for this decrement of over $20,000 since his *scienter* of this ongoing FAR violation during FY 2007 is clear by his own emails as admissions against interest.

18. In reprisal for asserting Pixl's damages under the FAR and Contract Disputes Act, the USDA Forest Service denied Pixl the ability to add consultants on the INFRA Project. However, the USDA Forest Service allowed new labor category positions to be created and be sole sourced to IRM.

19. The USDA Forest Service also refused to provide Pixl with an un-redacted copy of its response to the U.S. Department of Agriculture's accepted civil rights

complaint by Pixl, a Woman and Asiatic Indian owned 8(a) firm. The USDA Forest Service response to the civil rights complaint was developed by its Acquisition Management division (AQM), and not by Human Resources (HR) or by the program office of Tah Yang, in response to a FOIA request, the USDA redacted the majority of the USDA vice report.

20. The USDA Forest Service has the affirmative duty to produce this un-redacted report for cross-examination in this Court. Similarly, Contracting Officer Jaeger has the affirmative duty to provide to this Court and Pixl the entirety of the 2004 8(a) contractual award pages to Pixl in 2004 and all fraudulent task order and other awards to IRM Consulting Group, Inc. (IRM) under the pretext that IRM is a legitimate 8(a) disadvantaged firm.

**Bid and Award Protest /Competition in Contracting Act Violation**

21. In reprisal for Pixl's protected disclosures of the violation of FAR, the failure of CO Jaeger to abide by the Contract Disputes Act, and the breach of 8(a) awards in both 1999 and 2004 to Pixl, the illegal use of 2006 rates to IRM for the 2007 option year, and the illegal circumvention of option year 2008, the USDA Forest attempted to nullify Pixl's 8(a) award on the INFRA Project for both FY 2007 and FY 2008.

22. Solicitation AG-3187-S-07-0005 was amended six times in the attempt to rebid the INFRA Project to only a Disabled Veteran firm. Instead of debarring IRM for its fraudulent representation of its 8(a) status on the on the GSA website, the USDA Forest Service pre-selected IRM to partner with a Disabled Veteran owned firm, Centuria Corp. (Centuria)

23. Another disabled firm was originally contacted by IRM, but refused to give IRM more that 49% control over the expanded INFRA Project contract. The Department of Veterans Affairs (VA) requires a "reasonable price" for Disabled Veteran awards. The VA also requires that the disabled firm control 51%.

24. Pixl hereby seeks the U.S. Court of Federal Claims reversal of the U.S. Government Accounting Office (GAO) decision that Pixl lacks standing to contest the wrongful FY 2007 termination of its 8(a) awards on the INFRA Project through the Disabled Veteran firm award for FY 2008. GAO denied Pixl's request for reconsideration on the last working day of FY 2007 in an apparent effort to deny Pixl the opportunity for injunctive relief with this Court.

25. The INFRA Project award to Centuria and its IRM "partner" was predecisional. It cut off all Pixl profits for not FY 2008 and some for FY 2007.

26. GAO reversed itself on its initial finding of jurisdiction for Pixl to challenge Solicitation AG -3187- S-07-0005 and the flawed award to the Centuria-IRM team , which cut off Pixl's profits for all of FY 2008 and some of FY 2007. GAO denied Pixl the opportunity for a decision of the merits regarding the illegal confiscation of its 8(a) award by operation of the illegal USDA Forest Service solicitation AG-3187-S-07-0005 in GAO file B-299694.

27. The GAO decision in File 299694 fails to support the propriety of the Service-Disabled Veteran owned business set aside. The Federal Acquisition Regulation has not been amended to allow this new program to vacate 8(a) contractual awards and task orders already in existence. Pixl hereby asserts its 5th Amendment guarantees of substantive and procedural due process regarding its

property interests in the INFRA Project 8(a) contract and the ATSES, Tivoli and Fisheries 8(a) contracts.

28. The Department of Veterans Affairs has not yet developed any, let alone adequate, supervision to regulate solicitations on the General Services Administration (GSA) eBuy website for the VETS GWAC so as to terminate for convenience Pixl's 8(a) contractual award under the Small Business Act. There is no legal basis for the Veterans Technology Services (VETS) Government-wide Acquisition Contract (GWAC) to vacate the 8(a) contractual awards of 2001 and 2004, with FY 2007 and 2008 option years, during the middle of fiscal year FY 2007 or for any other period.

29. The USDA Forest Service awarded Pixl Inc. as an 8(a) prime for the FY 2007 option year on contracts 53-3187-0-02 and 53-3187-4-6006. Neither of these contracts has been terminated.

30. The GAO decision of General Counsel Kepplinger, apparently drafted by staff attorney Nora K. Doolin, has erroneously characterized the Pixl bid protest as a "contract administration matter," not a defense of Pixl's 8(a) INFRA Project award under the FAR and the CICA. The decision of GAO relies on no agency report since none was curiously provided.

31. The GAO failed to address newly discovered evidence that includes:

(a) Pixl is informed and believes that the USDA Forest Service allowed Mark Awad and three other IRM consultants to draft the majority of the solicitation AG-3187-S-07-0005 for John Graney's revision and approval. Pixl is informed

and believes that this draft constitutes proof of pre-selection bias since Graney's version was used.

Solicitation AG-3187-S-07-0005 also favored IRM's bidding team due to undue weight being given to IRM's incumbent consultants in "key positions." The impermissible vagueness of the solicitation leaves in question whether the solicitation was solely an instrument to terminate Pixl's right to the majority of the sixty one (61) labor category positions on the INFRA Project around April 2007, eighteen (18) labor category positions from its FY 2004 award, eleven (11) labor category positions in April 2005, and the four (4) labor category positions for FY 2007 that Pixl was being paid at FY 2006 labor rates, when paid at all. Not until September 2007, did CO Jaeger acknowledge that he breached Pixl's 8(a) award by paying FY 2006 instead of the required FY 2007 labor rates. CO Jaeger's knowing failure to pay Pixl to pay 2007 labor rates in FY 2007 encouraged one consultant to leave Pixl in FY 2007. Pixl was not allowed to backfill this vacancy.

(b). John Graney, dba IRM Consulting Group, Inc. (IRM), attempted to circumvent an open solicitation by demanding from the vet firm NAID that IRM wrongfully maintain 100% control of any AG-3187-S-07-0005 award instead of only the maximum 49% allowed to a non-veteran firm subcontractor. The credible source for this NAID firm allegation is Jerry Moran, (o) 703-447-5121, a vice president of NAID. This is a separate basis for IRM's debarment not only from the INFRA Project but for any federal contract.

**New Evidence not Previously Available**

32. As per 4 C.F.R. Section 21.5(a) (2006) and 31 U.S.C. Section 3552 (2000), Pixl Inc. has timely challenged the excessive scope of solicitation AG-3187-S-07-0005 that infringes on its 8(a) contract and 8(a) task order awards. Pixl is an interested party for this Court's review award in Solicitation AG-3187-07-0005. Pixl should not be damaged and IRM should not be enriched by the USDA Forest Service's eight years of ongoing violation of the Competition in Contracting Act (CICA) in favor of John Graney and his IRM firm. Pixl requests that this Court confirms that the wife of INFRA Program Manager, Tah Yang, works for John Graney and IRM. Pixl requests this Court to confirm that Pixl was asked by IRS to initiate back up withholding on any funds of IRM due at least in part, to IRM's use of multiple tax identification numbers and its failure to report its "consulting income."

33. Robert Jaeger, the Contracting Officer on the INFRA Project has had 120 days to respond to Pixl's December 11, 2006 certified Formal Claim and Request for Decision. He may have procrastinated because the USDA Office of General Counsel refused to concur at least twice with his draft responses. CO Jaeger may have wanted to deny this Court jurisdiction in FY 2007 to review Solicitation AG-3187-S-07-0005 before its predetermined award to the Disabled Veteran firm Centuria and its IRM partner.

34. In an April 23, 2007 email, CO Jaeger acknowledged that he had "sufficient documentation to render a decision." Despite USDA payment in April 2007 of $200,000 of nearly $344,000 in then overdue invoices, Ronald Hooper continued

to mislead a Congressional leader on April 6, 2007 as to the extent of ongoing USDA Forest Service injuries to Pixl. At this time, the USDA Forest Service denied any interest of having accrued from late or non-payment to Pixl.

35. In accordance with 4 C.F.R. Sections 21.2 (a) (2), 21.3(b), 21.5 (2005), Pixl has provided extensive documentation of its protests of ongoing USDA Forest Service favoritism to John Graney and IRM in violation of 31 U.S.C. Sections 3551-3552. See Pixl Inc. B-298970, October 17, 2006 and Pixl Inc., B-299153, November 30, 2006. But for these bid protests and the growing SBA, GSA, VA and Congressional attention to INFRA Project irregularities, the USDA Forest Service may not have attempted to remove John Graney and IRM from more than 51% control of the INFRA Project and in a flawed attempt to replace IRM with a GWAC group contractor.

36. **Under the Competition in Contracting Act of 1984 (CICA), the GAO had to but failed to address the mid fiscal year disturbance of FY 2007 contractual awards within the meaning of 4 C.F.R. Section 21.5 et seq. The USDA Forest Service misfeasance and malfeasance regarding contract administration on the Infra Project is no excuse for GAO not to do its congressionally mandated duty under CICA. The USDA Forest Service has failed to investigate itself.**

**USDA Forest Service Abuse of Bid Process**

37. In late 1999, the USDA Forest Service contracted with Pixl Inc. to be the sole 8(a) prime on the Infra Project. The USDA Forest Service instructed Pixl to add John Graney to its payroll on the INFRA Project.

38. In 2004, the U.S. Forest Service again awarded Pixl Inc. as the sole 8(a) prime on the Infra Project. Through the use of sole source task orders and circumvention of the CICA, CO Jaeger illegally removed Pixl's eleven labor category positions before the end of FY 2007 and allowed IRM to control seventy (70) of seventy (70) without required competition prior to the award on solicitation AG-3187-S-07-0005.

39. For the FY 2007 option year, Pixl Inc. proposed eleven labor category positions. On October 1, 2006, Contracting Officer (CO) Robert Jaeger only had provided adequate funding for four (4) consultants to Pixl, not eleven (11).

40. As the lead 8(a) prime on the Infra Project for option year 2007, no non 8(a) contractor may have more consultants than those of Pixl. Under the Federal Acquisition Regulation (FAR), Pixl cannot be denied its proposed eleven consultants while IRM, a non 8(a) contractor, is awarded control of approximately forty-five (45) of the sixty (60) consultants on the bloated Infra Project at the end of FY 2006.

**USDA Forest Service Ongoing Failure to Provide Competition**

41. The USDA Forest Service could have re-competed the Infra Project in FY 2004 but failed to do so. Instead, the USDA Forest Service allowed IRM to continue its charade as a legitimate 8(a) Small and Disadvantaged firm in order for IRM to

continue its illegally favored position as the "lead" prime contractor on the Infra Project. The USDA Forest Service has withheld from Pixl the entirety of the 8(a) SBA offer and acceptance letters and all pages of the 2004 8(a) awards on the INFRA Project in order to protect IRM and to obscure the USDA Forest Service's own misfeasance and malfeasance.

42. The USDA. Forest Service misfeasance and malfeasance as described herein concerns the failure of the USDA Forest Service to subject IRM to bid competition in FY 2004 and thereafter. This includes the fraudulent USDA Forest Service award on the Infra Project for 2007 to Centuria and IRM at the expense of an award funding of only four consultants to Pixl.

43. Pixl asked the GAO to enforce the Competition in Contracting Act of 1984 ("CICA") as follows:

44. The USDA Forest Service could have amended Pixl's and /or IRM's scope of work but has failed to do so.

45. Pixl has forced the USDA Forest Service to re-compete the Infra Project but the solicitation remains fatally flawed despite six amendments, and

46. The USDA Forest Service could have requested that Pixl sign its approval to modification of the Infra Project contract but has failed to ask for, let alone obtain such approval.

47. The USDA Forest Service favored IRM illegally by protecting it from bid competition by falsely treating IRM as an "8(a) Small and Disadvantaged firm" until the Disabled Veteran solicitation. IRM is not woman and/or minority owned nor a Disabled Veteran firm.

**Competitive Prejudice**

48. Pixl, Inc. is a Woman Owned Small and Disadvantaged 8(a) firm. For the FY 2007 option year, the USDA Forest Service did **not** award Pixl its eleven (11) consultants as proposed. The USDA Forest Service only **awarded** enough funding for four (4) positions. For FY 2007, the lost profit to Pixl will be $80,000 per quarter, for a total of $320,000 in FY 2007 damages.

**Analysis**

49. The attempt of GAO to characterize USDA Forest Service misfeasance and malfeasance as a solely a matter of "contract administration" is not credible. The USDA Forest Service improperly allowed IRM to bundle contractual awards from 2004 through present. IRM was never an 8(a) firm to be allowed 8(a) favored treatment.

50. During FY 2006 and FY 2007, CO Jaeger issued eight (8) times non-competitive task orders award to grow IRM to seventy labor category positions before the close of the fiscal year.

51. CO Jaeger awarded to IRM the legitimate FY 2007 labor rates for all of its consultants but forced upon Pixl only FY 2006 labor rates. This disparate treatment was an incentive to allow IRM and its controlled company Elite Systems to raid further Pixl by providing a three percent pay escalation to IRM that was denied to Pixl. One consultant did leave Pixl in FY 2007 and CO Jaeger barred Pixl from backfilling this position.

52. Since FY 2000, IRM as a non 8(a) firm was improperly continued as the lead prime on the INFRA Project and awarded the majority of labor category positions non-competitively each year thereafter. For FY 2007, the USDA Forest Service rejected the eleven labor category proposal by Pixl Inc., a legitimate Woman Owned Small and Disadvantaged firm, and held to four (4) consultants.

53. The USDA Forest Service knew, or should have known, each of the IRM irregularities on the Infra Project. The Forest Service should have debarred John Graney, dba IRM Consulting Group, Inc. for reasons cited herein.

54. The failure of the USDA Forest Service to abide by the Competition in Contracting Act of 1984 has adversely affected Pixl's contract option for FY 2007 and FY 2008. Pixl is entitled to $80,000 in profit for each quarter in FY 2007 that the Forest Service failed to award funding for eleven (11) consulting positions. Moreover, Pixl is entitled to the profits it should have enjoyed not only from FY 2000 to FY 2006, inclusive, but those that it should have enjoyed for the entirety of FY 2007 and FY 2008 at its proper level of labor category positions.

55. The GAO should have directed the USDA Forest Service to submit an Agency Report, especially in light of its ongoing failure to respond to Pixl's Certified Formal Claim and Request for Decision.

**Breach of Contract Damages**

56. Pixl requests a breach of contract damage award in accordance with its Certified Formal Claim of December 11, 2006. Damages to Pixl exceed ten million dollars.

57. This amount is similar to the illicit profits of IRM whose labor category positions grew to seventy (70) through non-competitive task orders as if it were an 8(a) firm.

58. The seven-month delayed response by CO Jaeger responds not to a single issue of Pixl's Certified Formal Claim regarding breach of contract. CO Jaeger's G & A accounting response is a thinly veiled attempt to perpetuate the wrongful denial to Pixl of INFRA Project overhead and deserved profit. John Graney personally reduced Pixl's G & A from 5% to 2% in an *ultra vires* act that the USDA Forest Service should have denied to contractor Graney to make.

59. Contractor John Graney, fraudulently assumed the *de facto* Contracting Officer duties of Robert Jaeger and Program Manager Tah Yang on the INFRA Project. John Graney feathered IRM's own nest at Pixl's and the U.S. taxpayer's expense. "Price" was not a consideration in the INFRA Project solicitation in FY 2007. Price was also not a consideration in CO Jaeger's sole source awards to grow IRM's INFRA Project empire.

60. WHEREFORE Pixl requests an award of the profits that it should have received from FY 2000 through FY 2008, inclusive and such other relief as the United States Court of Federal Claims deems just and proper.

Respectfully submitted,

David B. Nolan, Esq.
(o) 703-780-1864
(FX) 703-780-1434

Date: November 21, 2007

## A. TABLE OF SUPPORTING DOCUMENTS FOR ECF

| | |
|---|---|
| Appendix A | Pixl's Certified Formal Claim and Request for Decision (12/11/06) |
| Appendix B | Contracting Officer Robert Jaeger correspondence after Pixl's Certified Formal Claim of December 11, 2007 |
| Appendix C | Pixl's Computation of damages from FY 2000 through FY 2007 |
| Appendix D | Pixl's Computation of FY 2008 damages |
| Appendix E | Pixl's Bid Protests to Solicitation AG-3187-S-07-0005. |

### B. Statutes and Regulations Cited

Code of Federal Regulations (CFR)

4 C.F.R. Section 21.2

4 C.F.R. Section 21.3(b)

4 C.F.R. Section 21.5(a) (2006)

Federal Acquisition Regulation (FAR)

Article XIX

FAR Part 52.212-4

FAR Part 52.249-8

FAR Part 52.249-9

United States Code

Contract Disputes Act

Competition in Contracting Act of 1984 (CICA)

31 U.S.C. 3551 and 3552 (2000)

## C. Statement of Issues

Has Contracting Officer Robert Jaeger, his predecessors and agents violated Article XIX of the Federal Acquisition Regulation and proximately caused material damage to Pixl Inc. in fiscal years 2000 through 2008, inclusive?

Has Contracting Officer Robert Jaeger, his predecessors and agents violated the Contract Disputes Act and proximately caused material damage to Pixl Inc. in fiscal years 2000 through 2008, inclusive?

Has Contracting Officer Robert Jaeger, predecessors and agents violated the Competition in Contracting Act and proximately caused material damaged to Pixl Inc. in fiscal years 2000 through 2008, inclusive?

Has the USDA Forest Service failed to terminate Pixl Inc.'s 8(a) awards on the INFRA Project in accordance with the law?

Has the USDA Forest Service violated Article XIX of the Federal Acquisition Regulation by fraudulently awarding task orders non-competitively to IRM Consulting Group, Inc., a non-8(a) and non-disadvantaged firm, in violation of Pixl's 1999 and 2004 8(a) awards?

Has the USDA Forest Service fraudulently used Disabled Veteran contracting authority in an attempt to circumvent Pixl Inc.'s 8(a) contractual award expectation for both FY 2007 and FY 2008?

Has the Small Business Administration (SBA) failed in its affirmative duty to ensure that 8(a) delegated authority to the USDA Forest Service was properly applied?

**D. Statement of the Case**

Upon Pixl Inc.'s protected disclosure of John Graney and IRM Consulting Group, Inc. racketeering within the meaning of 18 U.S.C. 1961 et seq., the USDA Forest Service breached Pixl's 8(a) contract in reprisal and failed to pay invoices of over $500,000 in an attempt to bankrupt the woman and Asiatic Indian Minority Owned firm and remove it from the INFRA Project.

The Contracting Officer, Robert Jaeger, on the USDA Forest Service INFRA Project, fraudulently circumvented 8(a) requirements of Article XIX of the Federal Acquisition Regulation to issue sole source task orders to IRM Consulting Group, Inc., a non-8(a) and non-disadvantaged firm on the USDA Forest Service INFRA Project.

The USDA Forest Service allowed contractor John Graney, the President of IRM, to take control over the INFRA Project and to grow IRM from one to seventy (70) labor category positions at the expense of the legitimate 8(a) lead prime Pixl Inc. in violation of Article XIX of the Federal Acquisition Regulation.

The USDA Forest Service never terminated Pixl's 8(a) contractual awards on the INFRA Project by Termination for Convenience under FAR Part 52.21-4 and FAR Part 52.249-8.

The USDA Forest Service never terminated Pixl's 8(a) awards on the INFRA Project by Termination for Default under FAR Part 52.249-9.

The USDA Forest Service seized Pixl's potential profits as the lead 8(a) prime the INFRA Project illegally to sole source the same to IRM, a non 8(a) firm.

## E. Points of Law

The Competition in Contracting Act bars Contracting Officer Robert Jaeger the authority to sole source task orders to IRM Consulting Group, Inc., a non 8(a) firm under the Small Business Act.

The removal of seven (7) labor category positions from Pixl, Inc. (Pixl) without the ability to backfill any in FY 2005 and thereafter violates Article XIX of the Federal Acquisition Regulation (FAR). Under the FAR, COR Herman and CO Jaeger had no authority to move these seven (7) labor category positions in the middle of FY 2005 to the non-8(a) firms, IRM (6 labor category positions) and Elite Systems (one position).

Contracting Officer Robert Jaeger violated the Competition in Contracting Act when he failed to respond within 120 days to Pixl's Certified Formal Claim and Request for Decision of December 11, 2007. His intent was to buy time to terminate Pixl's award for FY 2007 and expectation for FY 2008 profits under the FAR.

The USDA Forest Service should have competed the INFRA Project once IRM reached three million dollars in proceeds as an "8(a) firm" under the Small Business Act and within the meaning of the Competition in Contracting Act.

Contracting Officer Robert Jaeger allowed IRM to grow to seventy (70) labor category positions through sole source task orders, which violated Article XIX of the FAR since

IRM is not, and never was, an 8(a) firm. Favoritism to IRM was done in violation of Pixl's 1999 award status as the lead 8(a) firm on the INFRA Project contract.

### F. Conclusion

The USDA Forest Service violated Article XIX of the Federal Acquisition Regulation to favor IRM Consulting Group, Inc., a non-8(a) firm, over the legitimate 8(a) firm Pixl, Inc. Since 1999, CO Jaeger had no FAR authority to deny Pixl, the 8(a) lead prime on the INFRA Project, with the majority of labor category positions. CO Jaeger and COR Herman had no FAR authority to remove seven (7) labor category positions from Pixl, an 8(a) firm, and move six (6) to IRM and (1) to Elite Systems, as non 8(a) firms. CO Jaeger had no authority under the FAR to add labor category positions to IRM and Elite Systems in the middle of FY 2005 without triggering the appearance of an Anti-Deficiency Act violation since money was not previously set aside for this expense.

The USDA Forest Service breached Pixl's 1999 and 2004 8(a) awards on the INFRA Project Contract to provide competitively awarded benefit to IRM, a non 8(a) firm. The USDA Forest Service attempted to circumvent Pixl's FY 2007 award as an 8(a) firm and 2008 award expectations by its improper Disabled Veteran firm solicitation AG-3187-S-07-0005 to re-compete the INFRA Project upon which Pixl and its partner bid.

Pixl, a woman and minority owned firm, is entitled to damages of $10,000,000 in profits that were illegally skewed, in violation of Article XIX of the FAR, to IRM Consulting Group, Inc, as a non-8(a) firm.

**Certificate of Service**

An original and seven (7) copies of the attached complaint was delivered today to:

Clerk's Office
United States Court of Federal Claims
717 Madison Place, N.W.
Washington, D.C. 20005

I understand that the U.S. Court of Federal Claims will forward five of these copies to:

U.S. Attorney General
U.S. Department of Justice
935 Pennsylvania Ave., N.W.
Washington, D.C. 20520

November 21, 2007

David B. Nolan, Esq.
8310 Wagon Wheel Road
Alexandria, VA 22308
(o) 703-780-1864
DC Bar # 379804