**UNITED STATES COURT OF FEDERAL CLAIMS**

| | | |
|---|---|---|
| PIXL, INC., | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | Case No. 07-827C |
| v. | ) | (Judge Firestone) |
| | ) | |
| THE UNITED STATES, | ) | |
| | ) | |
| Defendant. | ) | |

**DEFENDANT'S MOTION TO DISMISS**

Pursuant to Rule 12(b)(6) of the United States Court of Federal Claims ("RCFC"), defendant, the United States, respectfully requests that the Court dismiss the complaint because it fails to state a claim upon which relief can be granted.

Pixl, Inc.'s ("Pixl") breach of contract claims – which are numerous and at some points incomprehensible – are entirely without merit. Contrary to Pixl's argument, the United States Department of Agriculture, Forest Service ("Forest Service") was not obligated to award eleven labor category positions for the entirety of fiscal years 2005 through 2008. Rather, the only relevant contractual obligations relating to labor set a minimum and maximum hourly threshold, with which the Forest Service fully complied. Likewise, Pixl's argument that the Forest Service "illegally" terminated its award expectations for fiscal years 2007 and 2008 fails because (1) 2007 was an option year pursuant to the contract, which the Forest Service did in fact exercise, and (2) 2008 was also an option year, which, by its own definition and the terms of the contract, was <u>optional</u>.

In support of this motion, the Government relies upon the Complaint and the following brief.

## QUESTION PRESENTED

1. Whether the Forest Service breached its contract with Pixl.

## I. STATEMENT OF THE CASE

The present case stems from a long and tortuous history of litigation filed by Pixl with the Government Accounting Office ("GAO"), the United States District Court, and now, this Court. Because the contractual history between Pixl and the Forest Service is complex and somewhat ambiguous, the following background information is necessary to assist the Court.

### A. The Contracts

The core facts involve the Forest Service's award of a contract to Pixl for Information Technology ("IT") consultants to assist the Forest Service in its migration of legacy software applications and databases to a web hosting environment. Specifically, in or around 1999, the Forest Service initiated a project to develop, implement, maintain, and engineer applications to migrate Forest Service information systems from legacy mainframe, microprocessor, and data base environments, to a web hosting environment ("INFRA Project"). Ex. 1. The Forest Service issued multiple contracts for vendors to provide consultants to assist with the INFRA Project. These five vendors consisted of IRM Consulting Group, Inc. ("IRM"), Pixl, Elite Systems, Anteon Corporation, and ETI Professionals.

Each vendor received the same statement of work, which consisted of the following scope:

> 1.2 Scope. The USFS development team requires contractor assistance in continuing the design, beta testing, and USFS-wide implementation of the IBM-based RISC 6000 goal architecture. Technical assistance is required in the preparation and assessment of entity relationship modeling, model and form reconciliation, model stewardship, and coordination among members of USPS

> development teams. Additional assistance is required in the operation, maintenance, and technical enhancement of the existing Data General-based legacy system due to heavy reliance placed on it throughout the USFS for resource management and execution of routine business processes. This statement of work (SOW) solicits engineering services in these critical project areas to support the USFS Program Manager directly and development teams as required.

Ex. 1.[1]

On December 2, 1999, Pixl received its initial INFRA Project contract when the Forest Service awarded Pixl Contract No. 53-3187-0-02 ("1999 Contract"). Ex. 1. The base period of performance for the 1999 Contract was from the date of award until September 30, 2000. Id. It also contained two option periods: Option Period One from October 1, 2000, through September 30, 2001; and Option Period Two from October 1, 2001, through September 30, 2002. Id.

The 1999 Contract to Pixl was made pursuant to Section 8(a) of the Small Business Act, 15 U.S.C. 6637(a). Ex. 2. Consequently, Pixl did not compete for the 1999 Contract – the Forest Service made a sole source award to Pixl for its participation in the INFRA Project.

The Forest Service effectively extended the 1999 Contract through 2003. On December 18, 2000, the Forest Service issued Task Order 43-3187-3-0395, extending the 1999 Contract from October 1, 2002, through September 30, 2003. Ex. 3. This task order was modified on August 11, 2003, extending the performance period through December 30, 2003. Id.

In an award letter dated April 28, 2004 ("2004 Award Letter"), Contracting Officer ("CO") Vivian McPherson accepted a Pixl proposal dated March 22, 2004, and awarded Task

---

[1] Pixl did not attach copies of any of the contractual documents relied upon in its complaint. Because Pixl's complaint relies upon and references the contractual documents cited within this motion, the Court's consideration of these documents does not convert it into a motion for summary judgment. See e.g., Mattes v. ABC Plastics, Inc., 323 F.3d 695, 698 n.4 (8th Cir. 2003); Cortec Indus., Inc., 949 F.2d 42, 47 (2d Cir. 1991).

Order 43-3187-4-1017 ("43 Task Order") to Pixl in the amount of $998,000. Ex. 4. The 2004 Award Letter indicated that the 43 Task Order was being written against 8(a) Contract Number 53-3187-4-6006 ("8(a) Contract"). Id. This Award Letter is mistaken, however, because there is no Contract Number 53-3187-4-6006 for the Forest Service. Although the existence of this contract is arguable, for purposes of this motion, as discussed below in the argument section, this ambiguity is irrelevant.

The Forest Service modified the 43 Task Order six times. The only relevant modification for the present issue is Modification 5, which added Option Year 3, ending September 30, 2007, and Option Year 4, ending September 30, 2008. Ex. 5.

As indicated by the Statement of Work, the 43 Task Order was a labor hour contract. Ex. 6. The minimum hours required for the base period were 100 hours, while both option terms contained 1000 hour minimums. Id. The statement of work also reiterated that the Government retained the right not to exercise any option periods. Id.

On September 2, 2005, Contracting Officer Steve Schmidt issued Task Order AG-3187-P-05-0201 ("0201 Task Order"). Ex. 7. The 0201 Task Order renumbered, replaced, and incorporated all the terms and conditions, including option periods, of the 43 Task Order. Id.

On May 18, 2006, the Forest Service awarded Contract AG-3187-C-06-0043 ("0043 Contract") to Pixl. Ex. 8. This 0043 Contract was a continuation of the 8(a) Contract, the 43 Task Order, and the 0201 Task Order. Id.

**B. Removal of Labor Categories**

Prior to fiscal year ("FY") 2006, Pixl included labor categories for 10 personnel in its proposal for contract extension. Ex. 9. During FY 2005, seven of Pixl's employees left and went to other vendors participating in the INFRA Project. From a program perspective, it made little difference to the Forest Service where the employees were employed because the total number of personnel for the INFRA Project, and therefore the total cost, remained approximately the same.

In the FY 2006 option to extend its Contract, Pixl included labor categories for only five personnel. Ex. 10. For the FY 2007 option, however, Pixl included labor categories for 12 personnel, despite the fact that seven of Pixl's consultants were no longer employed by Pixl and were not expected to return. Ex. 11. The Forest Service informed Pixl that it could not include the personnel that it no longer employed as support for the Forest Service exercise of the FY 2007 option. Ex. 12. Accordingly, on September 22, 2006, the Forest Service exercised the FY 2007 option in Pixl's Contract based upon the labor categories of the personnel employed by Pixl at that time as set forth in the FY 2006 option. Ex. 8.

**C. New INFRA Solicitation**

On April 5, 2007, the Forest Service issued Solicitation No. AG-3187-07-0005 for "I-web" technical services, which was the successor to the INFRA project. Ex. 13. The Forest Service restricted this solicitation to service-disabled veteran-owned small businesses ("SDVOSB"). Ex. 14.

Prior to issuing the Solicitation, on April 4, 2007, the Forest Service informed Pixl of its intent to release this solicitation. Ex. 15. Pixl was not eligible to bid on the solicitation because

it was not a service-disabled veteran-owned small business. See Compl. ¶ 1 (stating that Pixl is "a Woman and Minority owned firm under section 8(a) of the Small Business Act").

On April 13, 2007, Pixl protested the issuance of the Forest Service Solicitation No. AG-3187-07-0005. Ex. 16. GAO dismissed Pixl's protest, however, because Pixl was not an interested party. Ex. 17.

Subsequently, again at GAO, Pixl protested the award of the I-Web technical services contract to Centuria. Ex. 18. GAO dismissed this protest because Pixl was only a prospective subcontractor – not a bidder – and was not an interested party. Ex. 19.

## II. ARGUMENT

### A. Standard Of Review

In Bell Atlantic Corp. v. Twombly, 127 S. Ct. 1955, 1965-66 (2007), the Supreme Court abrogated Conley v. Gibson, 355 U.S. 41 (1957), and clarified that, in order to survive a motion to dismiss for failure to state a claim, it is not enough for a complaint simply to allege in conclusory fashion, as Conley had suggested, that relief could be granted under some conceivable set of facts. Instead, a complaint must allege "enough factual matter (taken as true) . . . to raise a right to relief above the speculative level," by making allegations "plausibly suggesting (not merely consistent with)" a valid claim. Id.

Pursuant to RCFC 10(c), the exhibits to a complaint become part of the pleadings and may be consulted in resolving a motion to dismiss. Moreover, the Court may consult any documents that are contained or cited in the pleadings, without treating this motion as a summary judgment motion. E.g., Mattes, 323 F.3d at 698 n.4; Cortec, 949 F.2d at 47; see also Southern Cal. Edison Inc. v. United States, 58 Fed. Cl. 313, 321 (2003) (construing contract on motion to

dismiss).

Pixl cannot avoid dismissal by resting upon bare allegations as to the contents of documents cited in its pleadings. “Where plaintiff has actual notice of all the information in the movant's papers and has relied upon these documents in framing the complaint the necessity of translating a Rule 12(b)(6) motion into one under Rule 56 is largely dissipated." Cortec, 949 F.2d at 48 (emphasis added); accord Teagardener v. Republic-Franklin Inc. Pension Plan, 909 F.2d 947, 949-50 (6th Cir. 1990) ("[T]he language of the Plan, and the arguable meanings of its terms, were central to the plaintiffs' complaint, and were part of the pleadings before the district court."); Haskell v. Time, Inc., 857 F. Supp. 1392, 1397-98 (E.D. Cal. 1994).

Statutory construction begins, and typically ends, with the text. The text should be read as a whole and given its plain and ordinary meaning, when the result is not absurd, in light of the evident legislative purposes. Lamie v. United States Trustee, 540 U.S. 526, 534 (2004); Splane v. West, 216 F.3d 1058, 1068-69 (Fed. Cir. 2000). Similarly, contract terms are interpreted as far as possible in accordance with their plain and ordinary meaning, without rendering any part superfluous or producing an absurd result. Hol-Gar Mfg. Corp. v. United States, 169 Ct. Cl. 384, 351 F.2d 972, 975 (1965).

**B. Pixl’s Complaint Fails To State A Claim For Breach Of Contract**

Pixl bases its complaint on one claim – breach of contract. Comp. at ¶ 1. Pixl alleges that that the Forest Service’s “ongoing breach of Pixl’s 8(a) awards of 1999 and 2004 contract has proximately and forseeably [sic] resulted in the United States [sic] denial of ten million dollars in profit from FY 2000 through FY 2008, inclusive.” Comp. at ¶ 4.

Although Pixl makes a myriad of allegations, the main basis of its breach of contract

claim appears to be its allegation that "Pixl has been denied the profit it should have received from the 8(a) award of full eleven labor category positions for the entirety of FY 2005, FY 2006, and option years FY 2007 and FY 2008." Comp. at ¶ 11. Pixl's argument is baseless, however, because, as evidenced by Pixl's failure to cite anything to the contrary, nothing in any of the contractual documents obligated the Forest Service to fund 11 labor categories. The only relevant contractual requirement relating to labor is set forth in the 2004 Statement of Work. Ex. 6. The Statement of Work specifies a minimum and maximum hourly threshold for the base period (May 1, 2004 to September 30, 2004), and FY 2005 and 2006, which were option years. Id. Pixl cannot and does not dispute that those threshold requirements were achieved.

Regarding FY 2007 and 2008, Pixl asserts that the Forest Service "illegally *de facto* terminated for convenience Pixl's 8(a) award expectations for the entirety of both FY 2007 and FY 2008." Compl. ¶ 5. Although the complaint is unclear, this claim is apparently based on Pixl's assertion that the Forest Service was obligated to exercise its options for FY 2007 and 2008. Compl. ¶ 4. Initially, this argument is factually incorrect because the Forest Service did in fact exercise its option for FY 2007. Ex. 8. This argument also fails because the option years, as described by the relevant modification, were just that – optional. As the modification adding the FY 2007 and 2008 options states, "[t]he purpose of this modification is to include the Option year Verbage pending notification to the vendor whether the Government intends to exercise the Optional Periods." Ex. 5 (emphasis added). Thus, the Forest Service was under no obligation to exercise the options for FY 2007 and 2008.

**CONCLUSION**

For the reasons set forth above, this Court should dismiss plaintiff's complaint pursuant to RCFC 12(b)(6).

Respectfully submitted,

JEFFREY S. BUCHOLTZ
Acting Assistant Attorney General

JEANNE E. DAVIDSON
Director

s/Mark A. Melnick
MARK A. MELNICK
Assistant Director

s/Sean M. Dunn
SEAN DUNN
Trial Attorney
Commercial Litigation Branch
Civil Division
Department of Justice
Attn: Classification Unit
1100 L Street, N.W., 8th Floor
Washington, D.C. 20530
Tele: (202) 616-0883
Fax: (202) 353-7988

Attorneys for Defendant

February 5, 2007

**CERTIFICATE OF FILING**

I hereby certify that on this 5th day of February, 2008, a copy of the foregoing "Defendant's Motion To Dismiss" was filed electronically. I understand that notice of this filing will be sent to all parties by operation of the Court's electronic filing system. Parties may access this filing through the Court's system.

s/Sean M. Dunn