# EXHIBIT 17

GAO
Accountability * Integrity * Reliability
United States Government Accountability Office
Washington, DC 20548

Comptroller General
of the United States

# Decision

**Matter of:** Pixl Inc.

**File:** B-299694

**Date:** April 25, 2007

## DECISION

Pixl Inc. protests solicitation no. AG-3187-S-07-0005 as posted by the United States Department of Agriculture, Forest Service for I-Web technical services.

We dismiss the protest.

The current solicitation was posted by the Forest Service April 5, 2007, on the General Services Administration's (GSA) eBuy website for the VETS GWAC. The Veterans Technology Services (VETS) Government-wide Acquisition Contract (GWAC) is a small business set-aside contract only available for service-disabled veteran-owned small technology firms.

Pixl is not an eligible bidder for this solicitation. Pixl is a woman-owned small business and neither qualifies as a service-disabled veteran-owned small business nor is it a contractor under the VETS GWAC. Under the bid protest provisions of the Competition in Contracting Act of 1984, 31 U.S.C. §§ 3551-3556 (2000), amended by the Ronald W. Reagan National Defense Authorization Act for Fiscal Year 2005, Pub. L. No. 108-375, § 326, 118 Stat. 1811 (2004), only an "interested party" may protest a federal procurement. That is, a protester must be an actual or prospective supplier whose direct economic interest would be affected by the award of a contract or the failure to award a contract. Bid Protest Regulations, 4 C.F.R. § 21.0(a) (2006). A protester is not an interested party where it would not be in line for contract award were its protest to be sustained. Id. Since Pixl's is ineligible to submit a proposal and its protest does not challenge the propriety of the service-disabled veteran-owned small business set aside, Pixl is not an interested party to maintain the current protest.

Pixl's also essentially asserts that the agency's issuance of the current solicitation breaches the protester's existing contract. Resolving a dispute concerning whether the agency's conduct constitutes breach of a contract concerns matters of contract

# EXHIBIT 18

**Law Offices of David B Nolan**
8210 Wagon Wheel Road
Alexandria, VA 22309
(O) 703-780-1664
(FX) 703-780-1434

August 9, 2007

RECEIVED USGAO
2007 AUG -9 PM 12:46

Procurement Control Group
Government Accountability Office
441 G Street, N.W.
Washington, DC 20548
(FX) 202-512-9748

Re: Protest of USDA Forest Service Award of August 1, 2007 on Solicitation AG-3187-S-07-0005.

Dear Mr. Kepplinger:

As legal counsel for Archana Sagar, Ajay Sagar, and Pixl Inc., a team bidder on solicitation AG-3187-S-07-0005, I hereby protest the attached August 1, 2007 award and the solicitation that should be cancelled or re-competed.

Each of the following irregularities within the meaning of the Competition in Contracting Act (CICA) of 1984 errors requires that the solicitation be rebid:

1. Centuria Corporation's (Centuria) lacks capability as a disabled veteran firm to perform the award.

   We are informed and believe that Centuria has insufficient contracting and past performance experience to substantiate a 9.2 million dollar annual award. It has insufficient USDA Forest Service experience to be the prime contractor on the INFRA Project which currently consists of approximately sixty-four (64) labor category positions. Since price was not a factor in the award, the lack of adequate past performance by Centuria is fatal.

2. Centuria has partnered with IRM Consulting Group Inc. (IRM). Centuria is not capable of performing even 51% of the work required. In violation of the terms of the disabled veteran award and the Executive Order invoked, Centuria is merely a "front" that requires a larger firm, i.e. IRM to perform the majority of the contract award.

3. The USDA Forest Service has modified solicitation AG-3187-S-07-005 six (6) times so as to provide a competitive advantage to the Centuria-IRM team bid. The closing date was extended from May 8, 2007 to June 8, 2007 to provide Centuria an opportunity to augment its fatally limited experience.

4. The award cannot allow IRM Consulting Group to be a teaming partner. Jerry Moran of the disabled veteran firm NAID (Native American Indian Distributors, Inc.) was placed under duress by John Graney but refused John Graney's demand that IRM receive more than 49% of any award under solicitation AG-3187-S-07-0005. IRM has falsely held itself out as an 8(a) firm on the GSA website.

5. The Award does not reflect Special Contract Requirement H3 for little change in "key personnel." Mark Awad and the three other IRM consultants assisted Contracting Officer Benninghoff in the development of solicitation AG-3187-S-07-0005 and are therefore barred from benefiting from the award financially. The Centuria-IRM Team had an unfair advantage through prior knowledge not otherwise available to other bidding teams.

6. Contracting Officer Benninghoff failed to include the required "fair price' in solicitation AG-3187-S-07-0005 despite being alerted that "fair price' is a Department of Veterans Affairs regulatory requirement for SDVOSB bids.

## Discussion

IRM told Veteran owned companies, including NAID, to give IRM more than the allowed 49% of the work as a condition for partnering. We are informed and believe that the same improper condition was placed on Centuria.

Most of Centuria's presence at the USDA Forest Service started after the bid was announced. IRM passed some business to Centuria in a failed attempt to qualify it for the award.

The proposal specifically asked that the existing personnel were desired. IRM was allowed by the USDA Forest Service to switch six labor category position consultants from Pixl to IRM. The Centuria-IRM team bid cannot falsely claim that it brought any of these individuals to key positions. Centuria brings no key positions to the INFRA Project based upon its own merit.

Centuria has failed in its affirmative duty to show that it has the financial capacity and the business stability to perform 51% of the work on this contract. Centuria has failed in its affirmative duty to show that it is a valid veteran owned company.

In violation of the letter and spirit of the solicitation, Centuria and IRM secured exclusive agreements with the majority of the consultants in order to compromise the chances of other companies performing the award. For the few consultants that did not agree to an exclusive agreement, their positions were advertised by Centuria on their website but later removed on order of USDA Forest Service staff.

The USDA Forest Service also told the remaining consultants not to sign exclusive agreements with Centuria/ IRM. Instead of debarring Centuria and/or IRM, the USDA Forest Service protected both Centuria and IRM by its intervention.

All the Consultants (50% of the I-WEB Key personnel) who signed with John Graney IRM Consulting Group, Inc. and Centuria also signed an exclusive agreement to have IRM serve as their prime contractor. For Any I-WEB contractual work, the individual consultant must negotiate through John Graney/IRM.

In other words in order to get these consultants to work on the I-WEB contract, the contractor will have to negotiate and contract with IRM/John Graney as the Contractual agent firm. John Graney will set the consultants labor category rates along with IRM's percentage (7%) fee per person on top of that rate and will then invoice the Prime SDVOSB contractor each month for the hours worked.

Each consultant was advised that if Centuria/IRM is not awarded the I-WEB contract, that each consultant will have to leave the I-WEB job, and not report to work until John Graney negotiated with the new Contractor Awardee and acquired a contractual agreement to include IRM as the subcontractor agent of each consultant desired and accepted.

The USDA Forest Service pre-selection bias is supported by the inadequacy of funding to Pixl Inc. for its FY 2007 statement of work and the agency's encouragement of Pixl consultants to join Centuria by August 20, 2007.

## Award Protest Elements

Section 21.1 (a): Pixl protests the August 1, 2007 award and the solicitation that should be cancelled or re-competed.

Section 21.1(b) Pixl seeks a cancellation or re-compete of the solicitation or alternatively a determination of monetary damages from the Procurement Control Group of the Office of General Counsel, Government Accounting Office, located at 441 G Street, N.W. Washington, D.C. 20548.

Section 21.1(c) (1) Pixl is located at 10201 Lee Highway, Suite *530*, Fairfax, VA 22030. Phone: 703-218-6939, Fax: 703-218-6937, Email: officer@pixlinc.com.

Section 21.1(c) (2) Pixl is represented in this protest by the Law Offices of David B. Nolan, 8310 Wagon Wheel Road, Alexandria, VA 22309. Phone: 703-780-1864, Fax: 703-780-1434, Email: dbnesql@aol.com.

Section 21.1(c) (3) The USDA Forest Service is the contracting agency. Pixl proposal for FY 2007 was submitted under the Solicitation #WO-00-01, resulting in the award of contract # 53-3187-0-02. Then the Pixl award continued under Request for Proposal #WO 04-O9VM, resulting in the award of contract # 53-3187-4-6006.

Section 21 1 (c) (4) The USDA Forest Service has exercised the FY 2007 option year for Pixl to continue to provide computer consultants to the INFRA Project in accordance with task orders and its statement of work.

Section 21.1 (c) (5) Pixl is an interested and adversely affected party since it received an 8(a) contractual award on the INFRA Project for FY 2007. Pixl was the sole 8(a) prime awarded the Infra Project in 1999 and 2004. Pixl teamed with a disabled veteran firm which did not receive the award on August 1, 2007.

Section 21.1(c) (6) Pixl hereby protests the August 1, 2007 award within ten days.

(1) The USDA Forest Service has failed to invoke termination for convenience regarding the scope of work that has already been contracted out in task order 43-3187-4-1017 for FY 2007 and which Pixl anticipates continued funding for FY 2008.

(2) Special Contract Requirement H3 - If the USDA Forest Service wants little change in "key personnel," why invoke any change in the middle of fiscal year 2007? If there is no USDA Forest Service intent to save "price," what is the purpose of a mid-fiscal year change at all? Department of Veterans Affairs guidance for disabled veteran firms requires "fair price." Price is not a factor in solicitation AG-3187-S-07-0005.

Section 21.1 (c) (7) Pixl requests a ruling by the Comptroller General in its favor.

Section 21.1 (c) (8) Pixl requests adequate funding for over fifty percent of the sixty-four (64) consultant positions on the INFRA Project. Pixl requests the ability to back fill not only positions improperly taken away from it, but to also backfill positions to reach its proper level of at least fifty percent of the total labor category positions on the Infra Project. Over forty additional labor category positions were awarded non-competitively to IRM since 2004.

At the time of this new protest, Pixl has not received payments on invoices submitted to the USDA Forest Service, totaling over $111,839. In an attempt to bankrupt Pixl, USDA Forest Service, at times, has held more than half million dollar worth of invoice payments and some of the invoices were more than a year old. In furtherance of this scheme of harassment, many USDA Forest Service individual payments are inaccurate by both small and large degrees. Moreover, the USDA Forest Service has sent a false collection notice with an invented invoice reference.

When INFRA Contracting Officer, Robert Jaeger, made hand written alterations to convert without approval Pixl's September 2006 invoice for 8(a) funding to one requesting GSA Schedule funding, the USDA Office of Civil Rights accepted Pixl's complaint of prohibited discrimination against a Woman and Minority Owned firm. In an attempt perhaps to avoid an Anti Deficiency Act violation, the USDA Forest Service has requested in May 2007 that Pixl divide its monthly INFRA Project invoice between 8(a) and SBA funding sources. Pixl has not provided permission to cancel any contractual award on the INFRA Project concerning which it may still receive funding.

Pixl has incurred damages of over $ 5.7 million dollars regarding INFRA Project contractual award irregularities.

Section 21.1 (d) (1)

Pixl requests a protective order to prevent the UDSA Forest Service from rejecting more valid invoices on the INFRA Project and its three other USDA Forest Service contracts. Pixl also requests a protective order to prevent further reprisals from USDA Forest Service, including, but not limited to, the termination or de-funding of any of its four USDA Forest Service active contracts. In a heavily redacted USDA Forest Service agency statement in response to Pixl's FOIA request to the USDA Office of Civil Rights, the USDA Forest service curiously confesses confusion over whether Pixl received any 8(a) contract in order to receive 8(a) funding from 1999 to present. If confused, why did USDA Forest Service not seek help from SBA which approved the 8(a) awards to Pixl and IRM?

(2) Pixl requests the following documents to identify all USDA award violations and to determine the resulting damages:

A copy of all documents regarding the decision to solicit under SDVOSB authority.

A copy of all bid submissions on solicitation AG-3187-S-07-0005.

A copy of the actual evaluation criteria used to make the award after the sixth solicitation revision.

A copy of how the evaluation scores were determined.

A copy of the selection panel that made the August 1, 2007 award.

A copy of all solicitation questions to USDA Forest Service Acquisition Management.

A copy of the 8(a) offer letters, acceptance letters, and statements of work on the INFRA Project for Pixl Inc., IRM Consulting, and IRM Consulting Group, Inc.

The Un-redacted USDA Forest Service report to Pixl's USDA Civil Rights Complaint.

All USDA Forest Service payments to any vendor on the INFRA Project that invoiced the services of Mrs. Tah Yang since October 1, 1999.

All contractual modifications since October 1, 1999 to the INFRA Project by Program Manager Tah Yang, Assistant Program Manager and Contracting Officer Representative (COR) Daryl Herman and Contracting Officers Roberta Buskirk, Vivian McPherson, Sally Williams, Lawrence C. Carter, Gayle Strickland, Laura Hinshaw, and Robert Jaeger concerning all prime contractors, including, but not limited to IRM, Logicon, Northrop Grumman, Pixl, and Elite.

The position description of and performance plan for Contracting Officer Barbara Benninghoff and her rating and reviewing official.

The position description of and performance plan for INFRA Program Manager Tah Yang and his rating official(s) and reviewing official(s).

The position description of and performance plan for INFRA Assistant Program Manager and Contracting Officer Representative (COR) Daryl Herman and his rating official(s) and reviewing official(s).

The position description of and performance plan for INFRA personnel contractor Jennie Kleinberg and her rating official(s) and reviewing official(s).

All email communications to and from Tah Yang since October 1999.

All email communications to and from Daryl Herman since October 1999.

All email communications to and from Jay Stephens since October 1999.

All email communications to and from Jennie Kleinberg since October 1999.

All email communications to and from John Graney since October 1999.

All email communications to and from Vivian McPherson since October 1999.

All email communications to and from Lawrence C. Carter since October 1999.

All email communications to and from AQM general email since October 1999.

All email communications to and from Robert Jaeger since March 2003.

All the announcements and proposals that have been submitted for the INFRA. I-Web, and CPAIS projects.

All invoices, including those of IRM, on the INFRA/ I-Web and CPAIS projects since October 1, 1999.

All payments made by the USDA Forest Service on the INFRA, I-Web, and CPAIS projects, including to IRM, since October 1, 1999.

All documents related to the additions of labor category positions since May 8, 2007 through a non-competitive task order awards to IRM Consulting Group, Inc., and

All sole source task orders to IRM Consulting Group or IRM Consulting Group, Inc. since FY 1999.

(3) Pixl requests a full evidentiary hearing to resolve inconsistent positions taken by numerous USDA Forest Service officials, including, but not limited to the taking away of Pixl consultants, denying to Pixl the ability to backfill its vacant labor category positions, and making 8(a) awards to IRM.

Section 21.1 (e) Pixl attaches a Certificate of Service that it mailed this award protest herein to the USDA contracting agency, the USDA Forest Service and GAO.

Section 21.1 (f) Under separate cover, Pixl may submit an award protest concerning the denial of the USDA Forest Service to allow consultants from other contractors to join Pixl on other USDA Forest Service projects.

The USDA Forest Service has placed Pixl at a competitive disadvantage as a Minority and Woman Owned firm by allowing IRM and Elite to snatch Pixl consultants. But for Pixl's status as a woman and minority owned firm that has suffered disparate treatment, the USDA Office of Civil Rights would not have accepted Pixl's complaint of prohibited discrimination.

Pixl's non-compete clauses with its consultants have not been honored by the USDA Forest Service.

Pixl has not been able to compete for consulting positions with IRM or other INFRA contractors on an even playing field because of the USDA Forest Service's prohibited *animus* in enforcing the CICA.

The USDA Forest Service effectively deters consultants who wish to come to Pixl from joining Pixl payroll.

Section 21.1 (g) Pixl requests full agency disclosure without redaction and will make no redactions itself. Pixl requests that the USDA Office of Civil Rights corrects all redactions in the Departmental response to Pixl's Freedom of Information Act (FOIA) requests.

Section 21.1 (h) Pixl is unaware of any relevant document that should be redacted or denied in full because of its being classified as National Security Information (NSI) and/or Restricted Data (RD).

Section 21.1(i) In light of denial of documents within the scope of pending FOIA requests, Pixl requests a comprehensive report by Rob Jaeger or his successor on the INFRA Project to Pixl's Certified Formal Claim and Request for Decision of December 11, 2007 and to this bid protest.

Thank you for your review of the Award protest issues herein.

Respectfully submitted,

David B. Nolan, Esq.
Legal Representative for Pixl, Inc.

# Certificate of Service

A copy of this Protest of the August 1, 2007 award was mailed today, August 9, 2007 to each of the following:

Gary Kepplinger, Procurement Control Group
Government Accountability Office
441 G Street, NW
Washington, D.C. 20548
(FX) 202-512-9749

Mike Johanns
Secretary of Agriculture
1400 Independence Ave., S.W.
Washington, D.C. 20250

Abigail Kimbell, Chief
USDA Forest Service
1400 Independence Ave., S.W.
Washington, D.C. 20250

Marc Kesselman, General Counsel
USDA
1400 Independence Ave., SW
Washington, D.C. 20250
(FX) 202-720-8666

Jerold Cohen, Assistant General Counsel
USDA
1400 Independence Ave., SW
Washington, D.C. 20520
(FX) 202-720-8666

Deborah Hood
USDA
1400 Independence Ave., SW
Washington, D.C. 20250
(FX) 703-605-5100

Date: August 9, 2007

David B. Nolan, Esq.

## Exhibits

1. Contractual Award of August 1, 2007.

**File Code:** 6320 **Date:** August 1, 2007
**RouteTo:**

**Subject:** Solicitation Number AG-3187-S-07-0005, I-Web Technical Services and Support

**To:** Veterans Enterprise Technology Solutions, Inc.
367 Triple C Drive
Clarksville, VA 23927

Thank you for your response to the above referenced solicitation. Your interest is appreciated. This is to inform you that negotiations have been completed for the referenced solicitation. Award information is below:

Contractor: Centuria Corporation
22648 Glenn Drive, Suite 201
Sterling, VA 20164

Contract Amount Base Period: $9,204,444.00

The Veterans Technology Services (VETS) Governmentwide Acquisition Contract (GWAC) GSA Schedule, Functional Area 1 was used, and the solicitation was posted on eBuy providing an opportunity for all firms on this schedule to respond. 41 firms have a contract in functional area 1.

Nine offers were received.

Your firm was found to be technically the weakest. Your price was the fifth highest. You were provided a preaward debriefing, however if you have any questions or are interested in an additional debriefing, please do not hesitate to contact me at bbenninghoff@fs.fed.us or 406-329-3794.

/s/Barbara Benninghoff
BARBARA BENNINGHOFF
Contracting Officer

cc: jmoody@vets-inc.com

# EXHIBIT 19

GAO
Accountability * Integrity * Reliability

Comptroller General
of the United States

United States Government Accountability Office
Washington, DC 20548

# Decision

**Matter of:** Pixl, Inc.

**File:** B-299694.9

**Date:** August 20, 2007

**DECISION**

Pixl, Inc. protests the award of a contract by the Department of Agriculture under solicitation No. AG-3187-S-07-0005 for I-web Technical Services.

We dismiss the protest because a subcontractor or prospective supplier is not an interested party.

Under the bid protest provisions of the Competition in Contracting Act of 1984, 31 U.S.C. §§ 3551-3556 (2000 & Supp. IV 2004), only an "interested party" may protest a federal procurement. That is, a protester must be an actual or prospective bidder or offeror whose direct economic interest would be affected by the award of a contract or the failure to award a contract. Bid Protest Regulations, 4 C.F.R. § 21.0(a) (2007). Determining whether a party is interested involves consideration of a variety of factors, including the nature of issues raised, the benefit or relief sought by the protester, and the party's status in relation to the procurement. Four Winds Servs., Inc., B-280714, Aug. 28, 1998, 98-2 CPD ¶ 57 at 2. A protester is not an interested party where it would not be in line for contract award were its protest to be sustained. Id. Under these rules, a prospective subcontractor does not qualify as an interested party. Dash Eng'g, Inc.; Engineered Fabrics Corp., B-246304.8, B-246304.9, May 4, 1993, 93-1 CPD ¶ 363 at 5.

The current solicitation was issued by the agency as a service-disabled veteran-owned small business set-aside. Veterans Enterprise Technology Solutions submitted a proposal in response to this solicitation. Veterans' proposal presented Pixl as a team member to the prime contractor Veterans and a woman-owned small business. Pixl did not submit a proposal to this solicitation. Accordingly, the protest is dismissed because Pixl, as a subcontractor, is not an interested party.

Gary L. Kepplinger
General Counsel